HUBBARD et al. v. TOD et al. SIOUX CITY, O'N. & W. R. CO. v. MAN-HATTAN TRUST CO. SIOUX CITY, O'N. & W. R. CO. et al. v. MANHATTAN TRUST CO.

(Circuit Court of Appeals, Eighth Circuit. June 22, 1896.)

Nos. 505, 641, and 661.

These were appeals in two suits in equity, one of which was heard and determined by the circuit court for the Northern district of Iowa, and the other in the circuit court for the district of Nebraska. See 65 Fed. 559, and 68 Fed. 72. On April 13, 1896, this court affirmed the decrees below, without any opinion, the two judges sitting being divided in opinion. The appellants have now moved for a rehearing.

John C. Coombs, William Faxon, and Henry J. Taylor filed briefs in support of the petition for a rehearing.

Before SANBORN and THAYER, Circuit Judges.

PER CURIAM. These cases were heard on appeal by two judges of this court, and were recently affirmed by a divided court. For this reason, and because of the magnitude of the interests involved, we have been urged by the appellants in the several cases, namely, by

E. H. Hubbard, assignee of the Union Loan & Trust Company, and by the Sioux City, O'Neill & Western Railway Company, to grant a rehearing of the cases before a full bench, and an elaborate argument has been submitted in support of the application. We should be disposed to accede to the request in each of the cases, if, as counsel for the appellants suppose, the judges before whom the cases were heard on appeal disagreed as to the substantial question involved, and if a reargument before a full bench might result in a decision sustaining the view that was contended for by the appellants, both in the circuit court, and in this court on the hearing of the appeals. For the information of counsel, it will not be out of place, in the present status of the cases, to say that both of the judges of this court were of opinion that the position taken by counsel for E. H. Hubbard, assignee of the Union Loan & Trust Company, relative to the ownership of the bonds of the Sioux City, O'Neill & Western Railway Company, is untenable. One of the judges of this court was of opinion that the view entertained by the trial court, and embodied in its decree in case No. 641, entitled "E. H. Hubbard, Assignee, &c., v. J. Kennedy Tod et al.," to the effect that the assignee of the Union Loan & Trust Company should be permitted to redeem said bonds by the payment of the sum of $1,500,000, with interest thereon from December 30, 1892, to the date of payment, was right, and should be upheld. Manhattan Trust Co. v. Sioux City & N. R. Co., 65 Fed. 559. The other member of this court entertained the view which was contended for by J. Kennedy Tod et al., the appellees in said case, that the sale of said bonds on September 26, 1893, to J. Kennedy Tod & Co., gave the latter firm a good title to the securities so bought, and that the assignee of the trust company was without right to redeem the same. Further consideration of this question on the petition for a rehearing has but served to confirm the respective views entertained by the judges before whom the cases were heard. The appellees in case No. 641, which came from the district of Iowa, appealed from the decree rendered in that case; but they have not moved for a rehearing, and are apparently content that the decree of the circuit court should be executed. Under these circumstances, it is apparent that no useful purpose would be subserved by granting to the assignee of the Union Loan & Trust Company a rehearing in the Iowa case. The decree already rendered by the circuit court for the Northern district of Iowa in that case, in that it permits the assignee to redeem the aforesaid bonds, affords him as much relief as in any aspect of the case he could hope to obtain in this court by a reargument. For these reasons the petition for a rehearing in case No. 641 is denied. In the other cases (Nos. 505 and 661), entitled "Sioux City, O'Neill & Western Railway Company v. Manhattan Trust Company," and "The Sioux City, O'Neill & Western Railway Company and E. H. Hubbard, Assignee of the Union Loan & Trust Company, v. The Manhattan Trust Company," which came from the district of Nebraska, we have concluded to set aside the order of affirmance heretofore entered, and to restore said cases to the docket. We have concluded that no sale should be allowed to take place under the decree entered in the Nebraska case,

which was a suit to foreclose the mortgage securing the aforesaid bonds of the Sioux City, O'Neill & Western Railway Company, until the assignee of the Union Loan & Trust Company shall have determined whether he will avail himself of the right to redeem said bonds under the provisions of the decree entered in the Iowa case, No. 641. The orders of affirmance in cases Nos. 505 and 661, as above entitled, are accordingly vacated and annulled, and the cases are restored to the docket for such further orders therein as may hereafter be deemed necessary.